**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Shameek Adunda FILLS, Defendant–
Appellant.**

No. 08–40543
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 31, 2009.

David Haskell Henderson, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Texas, Beaumont, TX, for Plaintiff–Appellee.

Frank Warren Henderson, Assistant Federal Public Defender, Federal Defender's Office, Eastern District of Texas, Tyler, TX, for Defendant–Appellant.

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Shameek Adunda Fills was convicted by a jury on two counts of receiving or agreeing to accept bribes as a federal correctional officer in return for providing a prison inmate with contraband in violation of 18 U.S.C. § 201(b)(2)(C). Fills argues on appeal that the evidence presented at trial was insufficient to support the jury's verdict and that her within-guidelines sentence of 22 months was unreasonable and greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Upon review of the evidence presented at trial in a light most favorable to the jury verdict, we find that a rational trier of fact could have found that the Government proved all essential elements of bribery of a public official beyond a reasonable doubt. § 201(b)(2)(C); *see United States v. Lankford,* 196 F.3d 563, 575 (5th Cir.1999). We may not reject the jury's credibility determinations unless the testimony was incredible or patently unbelievable. *See United States v. Williams,* 520 F.3d 414, 420 (5th Cir.2008). The testimony that Fills challenges was consistent with the testimony of other witnesses, Fills's earlier statement, and the exhibits. It was not incredible or patently unbelievable. Accordingly, Fills's sufficiency argument fails.

Fills's 22–month sentence was properly calculated, within the applicable guidelines range of 21 to 27 months, and well below the statutory maximum of 15 years. *See* § 201(b). Fills has not overcome the presumption that her within-guidelines sentence was reasonable, *see United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006), or shown that the district court abused its discretion under *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). No error has been shown, plain or otherwise.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.